IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WADE SHOWS, INC., | ) | 4:13-CV-03124-RGK-CRZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YRC WORLDWIDE, INC. and PERRY MARTIN WARE, | ) ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BARBARA BRITO DE LA TORRE, BBT TRANSPORT, INC., a Florida corporation, and KEEP GOING SERVICES CORP., | ) ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

Pursuant to the parties' Joint Motion for Protective Order (Filing No. 111), the parties to this action, by their respective counsel, hereby stipulate and request that the Court enter a mutual Protective Order pursuant to Fed. R. Civ. P. 26 as follows:

1. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

   (a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendants' current or former personnel; policies, procedures, and/or training materials of Defendants; and/or Defendants' organizational structure;

   (b) Any documents from the personnel, medical, or workers' compensation file of any current or former employee or contractor;

   (c) Any documents relating to the medical and/or health information of any of

    Defendants' current or former employees or contractors; and

  (d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following label or designation on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendants will use their best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:
    (a) In-house counsel and law firms for each party and the secretarial, clerical, and paralegal staff of each;
    (b) Deposition notaries and staff;
    (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;
    (d) Deponents during the course of their depositions or potential witnesses of this case;
    (e) The parties to this litigation, their officers, and professional employees;
    (f) Persons who appear on the face of the Confidential Information as an author, addressee, or recipient of the Confidential Information;
    (g) The Court and any of its staff and personnel; and
    (h) Court reporters.

6. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information" as defined by the terms of the Protective Order.

Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If any party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within (90) days that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a Motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such Motion.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose. However, counsel agree that all information produced in this action may be used for the purpose of defending an action against said counsel or responding to a disciplinary complaint against said counsel.

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

10. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

11. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

12. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

**SO ORDERED** this 8th day of May, 2015.

BY THE COURT:

*s/Cheryl R. Zwart*
United States Magistrate Judge

**Stipulated and agreed to by the following:**

| | |
|---|---|
| WADE SHOWS, INC., Plaintiff, | YRC INC., incorrectly identified as YRC WORLDWIDE, INC., and PERRY MARTIN WARE, Defendants/Third-Party Plaintiffs, |
| By:  s/ Terry C. Dougherty | By:   s/ Michael L. Moran |
| WOODS & AITKEN, LLP | ENGLES, KETCHAM, OLSON & KEITH, P.C. |
| 301 South 13 Street, Suite 500 | 1350 Woodmen Tower |
| Lincoln, Nebraska 68508 | Omaha, Nebraska 68102 |
| (402) 437-8525  Fax (402) 437-8558 | (402) 348-0900  Fax (402) 348-0904 |
| Terry C. Dougherty, #11064 | Dan H. Ketcham, #18930 |
| tdougherty@woodsaitken.com | dketcham@ekoklaw.com |
| | Michael L. Moran, #24042 |
| | mmoran@ekoklaw.com |

| | |
|---|---|
| BARBARA BRITO DE LA TORRE, BBT TRANSPORT, INC., a Florida corporation, and KEEP GOING SERVICES CORP., Third-Party Defendants, | PERRY MARTIN WARE, Defendant/Third-Party Plaintiff, |
| By:   s/ Thomas A. Grennan<br>GROSS & WELCH, P.C., LLO<br>2120 South 72 Street, #1500<br>Omaha, Nebraska 68124<br>(402) 392-1500  Fax (402) 392-8101<br>Thomas A. Grennan, #15675<br>tgrennan@grosswelch.com | By:   s/ Steven C. Effertz<br>SCHAFFER, MCINTOSH & EFFERTZ<br>14701 East 42 Street, South<br>Independence, Missouri 64055<br>(816) 373-5590  Fax (816) 373-2112<br>Steven C. Effertz, #27780<br>steve@smelawfirm.com |